UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WHITNEY BROCK                                          CIVIL ACTION NO. 23-cv-1454

VERSUS                                                 JUDGE S. MAURICE HICKS, JR.

GREGG ORR ET AL                                        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Whitney Brock ("Plaintiff"), who is self-represented, alleges that she uses a right leg prosthesis and that she slipped and fell while visiting a local car dealership owned or operated by defendant Gregg Orr. She filed a prior civil action in this court and asserted a federal claim under the Americans with Disabilities Act ("ADA") and state law claims of negligence and premises liability. Judge Hicks granted Orr's motion to dismiss the federal ADA claims with prejudice and, pursuant to 28 U.S.C. § 1367(c)(3), declined to exercise jurisdiction over Plaintiff's state law claims. Whitney Brock v. Gregg Orr, 22-cv-1039.

Several days after this court dismissed the state law claims without prejudice, Plaintiff filed a new civil action in state court against the same defendant, Gregg Orr. She alleged the same facts regarding her slip and fall at the dealership, described the federal proceedings, and asserted state law claims based on premises liability and negligence. Defendant removed the case based on an assertion of federal question jurisdiction because Plaintiff's petition included a reference to the ADA and cited the Federal Rules of Civil Procedure regarding joinder of parties in a civil action. For the reasons that follow, it is

recommended that the court remand this action to state court for lack of subject matter jurisdiction.

**Analysis**

The complaint filed in this court in 22-cv-1039 included clear assertions of a claim under the ADA as well as state law. The court entered a judgment that dismissed the ADA claims with prejudice and declined to exercise jurisdiction over the state law claims. The period of limitations for such state law claims is tolled while they are pending in federal court and for 30 days after they are dismissed unless state law provides a longer tolling period. 28 U.S.C. § 1367(d).

Plaintiff appears to have attempted to take advantage of that rule by asserting her state law claims in a new petition filed in state court. The 53-paragraph petition includes multiple invocations of state law regarding negligence and premises liability. Defendant, in asserting federal question, focuses primarily on paragraphs 39 and 40 where Plaintiff alleged that the "U.S. Government has enacted multiple laws designed to protect disabled citizens from sustaining needless injuries slip resistant." Plaintiff had alleged earlier, in paragraph 37, that she is a "disabled client" who uses a prosthesis because of an amputation below the right knee.

Plaintiff also alleged that premises liability laws state that owners are responsible for accidents that occur on their property due to "negligent ownership" and that injured persons are entitled to compensation. Plaintiff alleged that wet surfaces should have signs, curbs should be a certain height, rails and other barriers must meet certain requirements, and the like. She concluded by stating: "Dealerships are required to cooperate with 'public

accommodation' under the ADA and therefore is required to make reasonable modification to allow disabled individuals the ability to access the facility and services."

The state-court petition contains other scattered references to federal law, such as to 28 U.S.C. § 1447 (removal procedure), 28 U.S.C. § 1332 (diversity jurisdiction), and Fed. R. Civ. Pro. 20 (joinder of parties). None of those irrelevant references by the pro se plaintiff can be interpreted to assert a federal claim against Orr, and the remainder of the petition makes it clear that Plaintiff is asserting state law claims. Lest there be any doubt, Plaintiff alleged in paragraph 48 that she "asks the state court to allow all that remains in her suit which are her state-law claims for Negligence and Premises liability against Orr." Plaintiff invokes the Louisiana premises liability statute, La. R.S. 9:2800.6, in paragraph 49, and her prayer invokes negligence and asks for compensatory damages caused by the negligence.

"Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011). There is no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action. Elam, 635 F.3d at 803. And "[a] plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist." Id.; Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 535 (5th Cir. 2017).

Plaintiff's petition was plainly designed to assert the state law claims over which this court previously refused to exercise jurisdiction. To the extent federal laws or rules

were mentioned in the most recent petition, they were mere irrelevant references to procedural rules made by an unsophisticated plaintiff, not the assertion of a federal claim against Orr that would give rise to federal question jurisdiction. Orr's notice of removal asserts in paragraph 7 that the petition gives rise to a claim under the ADA because of the allegations that Plaintiff has a disability, that the federal government has enacted "multiple laws" to protect disabled citizens from sustaining injuries, and that the premises did not comply with ramp and curb requirements. Plaintiff did state that dealerships are required to "cooperate with 'public accommodation' under the ADA" for disabled persons, but a plaintiff may point to the violation of federal safety standards to support a state law negligence claim without giving rise to federal question jurisdiction. See MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002) (negligence claims that alleged facility was maintained in violation of federal and state regulations did not make the action one arising under federal law) and Turbine Powered Tech. LLC v. Crowe, 2018 WL 1041815, *7 (W.D. La. 2018) (Whitehurst, M.J.) (collecting cases finding no federal question jurisdiction where negligence claims referred to violations of federal environmental or safety regulations).

  A fair reading of Plaintiff's pro se complaint—which says that "all that remains in her suit … are her state-law claims"—reflects that she mentioned the ADA and related guidelines as background for her state law claims and did not intend to assert anew the ADA claims that had been dismissed with prejudice in the earlier case. Any effort to do so would be barred by principles of claim preclusion. See Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). The court should find that it

lacks federal question jurisdiction and that the case must be remanded to state court. Even if the court were to consider the references to federal laws in the petition sufficient to present a claim against Orr that arises under federal law, it would be only a matter of time before the court would be right back here remanding the state law claims after once again granting a motion to dismiss the purported ADA claims or finding that they were barred by claim preclusion. The better course, supported by the pleadings and applicable law, is to find that no federal claim was asserted in the state court petition and immediately remand the case to state court.

Accordingly,

It is recommended that this civil action be **remanded** to the First Judicial District Court, Caddo Parish, Louisiana for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of October, 2023.

Mark L. Hornsby<br>
U.S. Magistrate Judge